ORIGINAL

CC/ SASP

Wilfred L. Lee Jr.
Pro Se
General Delivery
Ewa Beach, Hawaii 96706
leewilfred2011@gmail.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 17 2025

at 12 o'clock and 45 min. P M CB
Lucy H. Carrillo, Clerk

## United States District Court

### for the

### District of Hawaii

| | |
|---|---|
| Wilfred L. Lee Jr. ) | Case No. CV 25-00084-SASP-WRP |
| ) | |
| Pro Se Plaintiff ) | **FIRST AMENDED** |
| ) | **COMPLAINT FOR, WRONGFUL** |
| ) | **TERMINATION, RETALIATION** |
| v.s ) | **UNDER TITLE VII, ADA,** |
| ) | **42 U.S.C 1981, FAILURE TO** |
| Rising Phoenix Holdings Corporation, ) | **ACCOMMODATE UNDER ADA,** |
| Tidal Basin Group, TB Customer ) | **CONSPIRACY TO RETALIATE** |
| Relations, LLC, Joel Reale, Bill Barcelona, ) | |
| Traci Thompson, Melissa Burke, ) | |
| Andrew Yonce, Laura DeLoach, ) | **JURY TRIAL DEMANDED** |
| Roxana Tabora, Sandra Mullen, ) | |
| Erica Thorp, Alexandria Scatko, ) | |
| Constance Long, Lori Nichols, ) | |
| Aaron Strong, Tiffany Niles, ) | |
| Elena Avetsiuk, Jane Does #1-5 ) | |
| ) | |
| Apple One, Inc. ) | |
| ) | |
| Defendant (s) ) | |
| _____ ) | |

**FIRST AMENDED COMPLAINT FOR WRONGFUL TERMINATION, RETALIATION
UNDER TITLE VII, ADA, 42 U.S.C 1981, FAILURE TO ACCOMMODATE UNDER ADA,
AND CONSPIRACY TO RETALIATE UNDER 42 USC 1985(3)**

## I.    INTRODUCTION

1 .Plaintiff Wilfred L. Lee, Jr. ("Plaintiff"), proceeding pro se, brings this action for wrongful termination, retaliation in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-3(a)), retaliation under the Americans with Disabilities Act (ADA), (42 U.S.C. § 12203(a)), retaliation under 42 U.S.C 1981, and Conspiracy to Retaliate Under 42 U.S.C. § 1985(3).

2 .Plaintiff was subjected to adverse employment actions, including but not limited to false allegations, indefinite suspension, wrongful termination, and retaliation, in direct response to his ADA accommodation request, internal employment discrimination complaints, and participation in an EEOC investigation and charge of discrimination.

3 .Defendants' unlawful actions caused Plaintiff severe emotional distress, economic losses, reputational harm, and financial hardship.

4 .Plaintiff seeks reinstatement, back pay, front pay, compensatory damages, punitive damages, declaratory relief, and all other remedies available under law.

## II.    JURISDICTION AND VENUE

5 .This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 42 U.S.C. § 2000e-5(f)(3) (Title VII jurisdiction), and (42 U.S.C. § 12203(a)) (ADA jurisdiction), 42 U.S.C § 1981, and 42 U.S.C. § 1985(3).

6 .Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred within this judicial district, and Defendants conduct business within this district.

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

7 .Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about 11/21/2023.

8 .On 1/30/2025, the EEOC issued a Notice of Right to Sue, which Plaintiff received on 1/30/2025. (Exhibit A)

9 .Plaintiff files this action within 90 days of receiving the Notice of Right to Sue.

10 .Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-10 of this Complaint as though fully set forth herein.

---

## IV.    PARTIES

11 .Plaintiff Wilfred L. Lee, Jr. is an individual residing in Ewa Beach, Hawaii and was employed by Tidal Basin Group and TB Customer Relations, LLC, subsidiaries of Rising Phoenix Holdings Corporation, at all relevant times.

12 .Defendant Rising Phoenix Holdings Corporation is a corporation conducting business in Hawaii, and is the parent company of Tidal Basin Group and TB Customer Relations, LLC.[1]

13 .Defendant Tidal Basin Group and Defendant TB Customer Relations, LLC were Plaintiff's employers at all relevant times.

14 .Individual Defendants (Joel Reale, Bill Barcelona, Traci Thompson, Andrew Yonce, Laura DeLoach, Roxana Tabora, Sandra Mullen, Erica Thorp, Alexandria Scatko, Constance Long, Lori Nichols, Aaron Strong, Tiffany Niles, Elena Avetsiuk, and Melissa Burke) are managers and personnel employed by Rising Phoenix Holdings Corporation and/or Tidal Basin Group who participated in the retaliatory actions against Plaintiff.

15 .Defendant Alejandro N. Mayorkas, Secretary, Department of Homeland Security, oversees FEMA contractors and subcontractors and provides workplace discrimination direction to Defendants on non-discrimination in Federal Contracting.

---

[1] Plaintiff previously referred to this Defendant as 'Tidal Basin Customer Relations, LLC.' As stated by Defendant's counsel, the correct legal entity is TB Customer Relations, LLC, which is referred to herein as 'Tidal Basin' for continuity.

16 .Defendant Apple One, Inc. is a third-party staffing agency whose workforce Plaintiff supervised. Is the subsidiary of ActOne Group.

17 .Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-17 of this Complaint as though fully set forth herein.

---

V.    FACTUAL ALLEGATIONS

A. PROTECTED ACTIVITY: PLAINTIFF FILES AN ADA REQUEST AND DISCRIMINATION COMPLAINT

18 .Plaintiff Wilfred L. Lee Jr. was employed by Defendants as a temporary supervisor and was responsible for the Maui Wildfires contact center and debris removal program.

19 .Plaintiff performed his job satisfactorily and was never placed on a performance improvement plan, nor was he issued any formal warnings for misconduct, poor performance, or attendance-related issues on November 21, 2023.

20 .At all relevant times, Defendant Rising Phoenix Holdings Corporation and its affiliates were federal contractors working under the direction and oversight of the Federal Emergency Management Agency (FEMA). FEMA representatives participated in operational meetings and were aware of staffing decisions affecting Plaintiff."

21 .On information and belief, Defendant Traci Thompson, a former FEMA official with significant influence over contract administration, exerted pressure on Defendant's leadership shortly after Plaintiff engaged in protected EEOC activity.

22 .On November 7, 2023, Plaintiff submitted a formal request for reasonable accommodation under the ADA to Defendant TB Customer Relations, LLC. Human Resources Department. On November 17, 2023, Defendant denied Plaintiff's ADA request without engaging in the interactive process, as required under the ADA.

23 .On November 21, 2023, Plaintiff formally raised concerns about Project Manager Brooke Fisher's behavior and informed her of her problems working with African American Men. Plaintiff requested that Vice President Bill Barcelona intervene. Project Manager Brooke Fisher responded that they would "check with Defendant Bill Barcelona for his availability for a meeting."Neither Brooke Fisher nor Defendant Bill Barcelona followed up on Plaintiff's request for a meeting, leaving Plaintiff's concerns unaddressed.

24 .On November 21, 2023, just five (5) days after denying Plaintiff's accommodation request, Plaintiff informed Project Manager Brooke Fisher about her discriminatory behavior. Defendants Lori Nichols, Defendant Traci Thompson, and Defendant Bill Barcelona, filed a:

Memorandum - "Recommendation for Termination of Employment" for Plaintiff.

25 .Plaintiff was never informed by Defendant's of the topics supporting this recommendation prior to their requesting an accommodation under the ADA with Defendant's Human Resources Department.

26 .Up to Plaintiff's termination they were unaware that his employment was being targeted for termination and continued working, believing his job was secure.

27 .On November 30, 2023, Plaintiff filed an internal employment discrimination complaint against Tidal Basin Group Project Manager Brooke Fisher with Defendants Bill Barcelona, Traci Thompson, Andrew Yonce, Lori Nichols, and Melissa Burke. Plaintiff reported workplace discrimination and violations of federal law.

28 .Defendants had actual knowledge of both Plaintiff's ADA accommodation request and discrimination complaint prior to taking adverse employment actions against him.

B. RETALIATION BEGINS: SUSPENSION AND FALSE COMPLAINTS FROM APPLEONE, INC AGENTS

29 .Plaintiff had recommended a AppleOne agent they supervised named Nya Krigger be removed from the project after documenting her hanging up on a Maui Wildfire survivor during an inbound phone call.

30 .Plaintiff had repeatedly challenged the training competency of other AppleOne agents they supervised as the Defendant Tidal Basin Group was aware of. As apart of their performance allegation against Plaintiff were, "asking agents what they recall from training".

31 .On December 1, 2023, Plaintiff was suspended indefinitely with pay, without warning or explanation.

32 .On December 7 and 8, 2023, with Defendant Tidal Basin Group, assistants, agents of Defendant AppleOne, Inc. named Nya Krigger, Cherelle Vanterpool, Amirah Myrie,

4

submitted knowingly false and retaliatory complaints against Plaintiff to Defendants Tidal Basin Group and Rising Phoenix Holdings Corporation, alleging misconduct to justify Plaintiff's continued suspension.

33 .These complaints were:

a. False and fabricated;
b. Retaliatory in nature and aimed at discrediting Plaintiff after he engaged in protected activity; and
c. Used as a pretext to discipline and later terminate Plaintiff.
d. Defendants knowingly relied on false accusations from AppleOne, Inc agents. to justify suspending Plaintiff.

C. CONTINUED DISCRIMINATION: SCRUTINY OF MEDICAL LEAVE

34 .On December 8, 2023, Plaintiff's suspension was lifted, and he was ordered to return to full duty on December 9, 2023, by Defendant Melissa Burke.

35 .On December 9, 2023, Plaintiff called out sick due to illness while still employed by Defendants.

36 .On December 14, 2023, Melissa Burke emailed Plaintiff, asking whether his absence was for medical reasons, if leave was being requested, and what was needed to process it.

37. Burke's inquiry was a continuation of the discriminatory scrutiny against Plaintiff due to his health-related requests, despite the fact that Defendants had already denied Plaintiff's ADA accommodation on November 17, 2023.

38 .The demand for medical documentation and scrutiny of Plaintiff's sick leave was retaliatory in nature and part of a pattern of discrimination against employees with medical-related needs.

D. EEOC CHARGE FILED AND NOTICE PROVIDED TO DEFENDANTS

39 .On December 21, 2023, Equal Employment Opportunity Commission (EEOC), Investigator Kris Kaopuiki contacted Defendants Lori Nichols and Aaron Strong regarding EEOC Charge No. 525-2024-00371, officially notifying Defendants of the charge. (See Exhibit B)

40 .On December 21, 2023 Defendant Nichols advised EEOC Investigator Kaopuiki to contact Defendant Melissa Burke, Human Resources Manager for Rising Phoenix Holdings Corporation.

41. Later that same day, Mr. Kaopuiki emailed Defendant Burke a copy of EEOC Charge No. 525-2024-00371, thereby providing Defendants with actual notice of the EEOC charge.

42 .Attached as Exhibit B is a true and correct copy of the email exchange between EEOC Investigator Kaopuiki, Lori Nichols, and Melissa Burke, confirming Defendants' receipt of the EEOC charge on December 21, 2023.

E. TERMINATION: RETALIATION ESCALATES AFTER EEOC CHARGE

43 .On January 4, 2024, Defendants abruptly terminated Plaintiff's employment without cause. Due to Plaintiff filing a charge of discrimination with the EEOC.

44. Defendants additionally placed the personnel statues of the Plaintiff as ineligible for rehire. Although Plaintiff has no documented performance improvement plan or progressive discipline in their personnel file.

45 .At the time of termination, Plaintiff:

a. Had no documented progressive discipline;
b. Was not on a performance improvement plan or progressive discipline;
c. Had no prior warnings for attendance or misconduct; and
d. Was in good standing until he engaged in protected activity.
e. Defendants' decision to terminate Plaintiff was retaliatory and pretextual, as it occurred only two weeks after Defendants were notified of the EEOC charge.

46 .Defendants have a documented pattern of terminating employees who request accommodations or leave.

47 .On October 12, 2023, Tidal Basin terminated employee Michael Domenichello after he requested the Family Medical Leave Act (FMLA).

48 .Domenichello subsequently filed suit in U.S. District Court, District of New Hampshire, in 2024 for wrongful termination.

49 .Like Plaintiff, Domenichello was terminated by Defendant Lori Nichols after making a health-related request during employment.

6

50 .Non-party FEMA's oversight contributed to the employment decisions made by the Defendants Rising Phoenix Holdings Corporation, Defendant Tidal Basin Group, Defendant TB Customer Relations, LLC.

51 .This establishes a pattern of unlawful discrimination and retaliation when making health related requests during employment.

52 .Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-52 of this Complaint as though fully set forth herein.

Conclusion

53 .Plaintiff has obtained evidence confirming that Defendant Bill Barcelona, Vice President of Tidal Basin Group, ended his employment with Defendant Tidal Basin Group in February 2024.

54 .Plaintiff has obtained evidence confirming that Defendant Brooke Fisher, Project Manager for the Maui Wildfires project, ended her employment with Defendant Tidal Basin Group in March 2024."

55 .Defendants Barcelona and Fisher recommended the termination of Plaintiff's employment after Plaintiff engaged in protected activities, in direct violation of federal and state anti-retaliation laws.

56 .Upon information and belief, their departure followed internal findings and actions taken by Defendant Tidal Basin Group regarding their involvement in discriminatory and retaliatory conduct against Plaintiff.

57 .FEMA, although not a defendant, had operational and supervisory influence on the employment environment.

58 .Upon information and belief, Tidal Basin Group and AppleOne conspired to terminate Plaintiff's employment in retaliation for engaging in protected activity by filing an EEOC complaint.

59 .Plaintiff hereby amends the name "Tidal Basin Customer Relations, LLC" to the correct legal name, "TB Customer Relations, LLC," and asserts that all allegations made in the original complaint against the misnamed entity apply equally to the correctly named party.

60 .Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-60 of this Complaint as though fully set forth herein.

## VI.    DAMAGES

61 .As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, the following damages:

62 .Economic Losses: Lost wages, benefits, and employment-related compensation due to wrongful termination.

63 .Emotional Distress: Anxiety, depression, humiliation, and mental anguish caused by Defendants' unlawful conduct.

64 .Reputational Harm: Loss of professional standing, career opportunities, and damage to Plaintiff's credibility in the workforce.

65 .Punitive Damages: Defendants acted with malice, recklessness, and intentional disregard for Plaintiff's rights under federal law.

66 .Plaintiff is entitled to compensatory and punitive damages, back pay, front pay, reinstatement or equivalent employment, attorneys' fees, and other appropriate relief to be determined at trial.

## VII.   CLAIMS FOR RELIEF

67 .COUNT I: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY (Against Defendants Rising Phoenix Holdings Corporation and Tidal Basin Group and TB Customer Relations,LLC.)

68 .COUNT II: RETALIATION IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e-3(a)) (Against Defendants Rising Phoenix Holdings Corporation and Tidal Basin Group and TB Customer Relations,LLC.)

69 .COUNT III: RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12203(a)) (Against Defendants Rising Phoenix Holdings Corporation and Tidal Basin Group and TB Customer Relations,LLC.)

70 .COUNT IV: RETALIATION IN VIOLATION OF 42 U.S.C. § 1981
(Against All Defendants – Retaliation for Opposing Discrimination and Exercising
Contractual Rights)

71 .COUNT VI: CONSPIRACY TO RETALIATE UNDER 42 U.S.C. § 1985(3)
(Against Defendants Rising Phoenix Holdings Corporation and Tidal Basin Group and TB
Customer Relations, LLC and AppleOne, Inc.)

VIII..  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and
against Defendants, awarding the following relief:

1. Back Pay in an amount to be determined at trial, but no less than the full value of wages and
benefits lost due to Defendants' unlawful actions;

2. Front Pay in an amount to be determined at trial if reinstatement is not feasible, reflecting
the loss of future earnings due to career harm;

3. Compensatory Damages in an amount to be determined at trial, but not less than a fair and
just sum to compensate Plaintiff for emotional distress, reputational harm, and pain and
suffering;

4. Punitive Damages in an amount to be determined at trial to punish Defendants for willful
and malicious misconduct;

5. Attorneys' Fees and Costs as provided by law;

6. Prejudgment and Post-Judgment Interest as provided by law;

7. Declaratory Relief stating that Defendants violated Plaintiff's rights under federal law; and

8. Any other relief that the Court deems just and proper.

IX.    JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: April 15, 2025

Respectfully submitted,

/s/ Wilfred L. Lee Jr.

Wilfred L. Lee Jr.
Pro Se
General Delivery
Ewa Beach, Hawaii 96706
leewilfred2011@gmail.com