

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Honolulu Local Office
300 Ala Moana Blvd, Room 4-257
Honolulu, HI 96850
(808) 800-2350
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/30/2025

**To:** Mr. Wilfred L. Lee Jr.
91-1445 Kaikohola Street D125, EWA BEACH, HI 96706
Charge No: 486-2024-00158

EEOC Representative and email:   KRIS KAOPUIKI
Investigator
kris.kaopuiki@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 486-2024-00158.

On behalf of the Commission,

Digitally Signed By: Raymond Griffin
01/30/2025

Raymond Griffin
Local Office Director

EXHIBIT A

Office for Civil Rights and Civil Liberties
**U.S. Department of Homeland Security**
Washington, DC 20528



Homeland
Security

| | |
|---|---|
| Wilfred Lee,<br><br>　　　*Complainant*<br><br>　　　v.<br><br>Alejandro N. Mayorkas, Secretary,<br>U.S. Department of Homeland Security,<br><br>　　　*Agency* | Agency Case No. HS-FEMA-02448-2024 |

## PROCEDURAL DISMISSAL

Pursuant to 29 C.F.R § 1614.110(b), the U.S. Department of Homeland Security (DHS), Office for Civil Rights and Civil Liberties (CRCL) hereby takes final action on the above-captioned complaint by issuing a Procedural Dismissal.[1] Based upon the available evidentiary record, CRCL finds Complainant's complaint must be dismissed. Pursuant to 29 C.F.R. § 1614.110(b), a notice is attached to this Decision informing Complainant of the right to appeal to the Equal Employment Opportunity Commission (EEOC) or to file a civil action in Federal District Court. Also, a copy of EEOC Form 573 is attached for Complainant's submission to the EEOC's Office of Federal Operations, should Complainant decide to file an appeal.

## PROCEDURAL HISTORY

1. On September 5, 2024, Complainant initiated contact with an Equal Employment Opportunity (EEO) Counselor.

---

[1] Pursuant to the Homeland Security Act of 2002, *as amended*, 6 U.S.C. § 345, the Officer for Civil Rights and Civil Liberties (CRCL) shall ensure that the protection of civil rights and civil liberties is appropriately incorporated into Departmental programs and activities. On October 26, 2012, the Secretary for DHS issued Delegation Number 19003, which delegated to CRCL the authority to render final decisions on behalf of the Secretary in EEO complaints, pursuant to 29 C.F.R. § 1614.110, or administratively, when that regulation is not applicable.

EXHIBIT A

2. On October 10, 2024, the Federal Emergency Management Agency (FEMA) notified Complainant of the conclusion of EEO counseling and of his right to file a formal complaint.

3. On October 26, 2024, Complainant filed the formal complaint at issue.

4. On December 5, 2024, CRCL received FEMA's request for a procedural dismissal.

## CLAIMS AT ISSUE

Whether FEMA discriminated against Complainant and subjected him to harassment based upon race (African-American), color (black), religion (Islam), sex (male), age (YOB: 1976), and reprisal (opposition to management practices) when:

1. On or around November 22, 2023, management continuously requested that Complainant update a reference document.

2. On or around November 22, 2023, management failed to schedule a meeting to address Complainant's harassment concerns.

3. On December 1, 2023, Complainant was suspended indefinitely pending the outcome of an investigation.

4. On January 4, 2024, Complainant's at-will-employment was terminated.

## ANALYSIS

This Office dismisses the complaint pursuant to 29 C.F.R. § 1614.107(a)(1), for failure to state a claim. Title 29 Code of Federal Regulations (C.F.R.) § 1614.107(a)(l) directs an agency to dismiss a complaint which is not actionable under 29 C.F.R. §§ 1614.103 and 1614.106(a). These sections require an agency to accept for investigation a complaint from any aggrieved employee or applicant for employment who believes an agency has discriminated against him or her because of race, color, religion, sex, national origin, age, disability, or reprisal. The Equal Employment Opportunity Commission (EEOC) has applied the common law of agency test to determine whether a complainant is an agency employee under Section 717 of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq. See Md v. Dep't of Health and Human Services,* EEOC Appeal No. 01962390 (June 1, 1998) (citing *Nationwide Mutual Insurance Co. et al v. Darden,* 503 U.S. 318, 323-24 (1992)). Specifically, EEOC will look to the following non-exhaustive list of factors: (1) the extend of the employer's right to control the means and manner of the worker's performance; (2) the kind of occupation, with reference to whether the work is usually done under the direction of a supervisor or is done by a specialist without supervision; (3) the skill required in the particulate occupation; (4) whether the "employer" or the individual furnishes the equipment used and the place of work; (5) the length of time the individual has worked; (6) the method of payment, whether by time or by the job; (7) the manner in which the work relationship is terminated, *i.e.,* by one of both parties, with or without notice and explanation; (8) whether

annual leave is afforded; (9) whether the work is an integral part of the business of the "employer"; (10) whether the worker accumulates retirement benefits; (11) whether the "employer" pays social security taxes; and (12) the intention of the parties. In *Ma*, EEOC noted that the common-law test contains, "no shorthand formula or magic phrase that can be applied to find the answer...[A]ll of the incidents of the relationship must be assessed and weighed with no one factor being decisive." *Id.*

Furthermore, under EEOC's Enforcement Guidance: Application of EEO Laws to Contingent Workers Placed by Temporary Employment Agencies and Other Staffing Firms, EEOC Notice 915.002 (December 3, 1997) (hereinafter referred to as the "Guidance"), EEOC has also recognized that a "joint employment" relationship may exist where both the agency and the "staffing firm" may be deemed employers. Similar to the analysis set forth above, a determination of joint employment requires an assessment of the comparative amount and type of control the "staffing firm" and the agency each maintain over complainant's work. Thus, a federal agency will qualify as a joint employer of an individual if it has the requisite means and manner of control over the individual's work under the *Ma* criteria, whether or not the individual is on the federal payroll. See *Baker v. Dep't of the Army*, EEOC Appeal No. 01A45313 (March 16, 2006).

In this case, the record established that FEMA is not a joint employer; nowhere in the record – either Complainant's documents or those of Complainant's employer, is there a reference to FEMA or an attempt to connect FEMA to Complainant's employment. Instead, the record showed that Complainant was employed by Tidal Basin, a private company which contracted with the State of Hawaii to form the Maui Disaster Relief Call Center, and Complainant's direct supervision was through the company. Additionally, Tidal Basin held exclusive authority to terminate Complainant's employment.

Based on the above-referenced legal standards and criteria, this Office finds that Complainant failed to demonstrate FEMA exercised any control over his position to qualify as a joint employer. Accordingly, this complaint is dismissed pursuant to 29 C.F.R. § 1614.107(a)(1) for failure to state a claim upon which relief can be granted.

## CONCLUSION

Based upon the full evidentiary record, CRCL dismisses this complaint. Since Complainant is not the prevailing party, he is not entitled to payment of attorney's fees, costs, or compensatory damages, and no corrective action is required.

*Amelia Demopulos*

_____          _____December 10, 2024_____
For Veronica Venture                      Date
Deputy Officer, Office for Civil Rights and Civil Liberties
Director for EEO & Diversity Programs
Department of Homeland Security

JJS

## NOTICE OF APPEAL RIGHTS

You have the right to appeal to the Equal Employment Opportunity Commission (EEOC) or to file a civil action in an appropriate United States District Court.

All time periods are given in calendar days. If a time period expires on a Saturday, Sunday or Federal holiday, you may file on the next business day. If an attorney represents you, the time periods begin to run from the date that your attorney receives this decision.

### FILING AN APPEAL WITH EEOC

You have the right to appeal this decision to EEOC within 30 days of the day you receive this final decision. You have the right to submit an optional brief or statement within 30 days of the date you file the appeal. File your appeal, and any subsequent supporting statement or brief, by accessing EEOC's public portal, at publicportal.eeoc.gov. When you file your appeal through the EEOC's public portal, please be sure to select the appropriate DHS Component and remove passwords on any documents you upload.

If you are unable to access the public portal, you may send the appeal by mail addressed to:

**U.S. Equal Employment Opportunity Commission**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Or by personal delivery to:

**U.S. Equal Employment Opportunity Commission**
**Office of Federal Operations**
**131 M Street, NE**
**Suite 5SW12G**
**Washington, DC 20507**

Or by facsimile to (202) 663-7022.
At the same time you file an appeal with EEOC, you must also send a copy of your appeal, and any supporting statement or brief, to:

**Director, Office of Equal Rights**
**Federal Emergency Management Agency**
**500 C Street SW – Fourth Floor – 4SW-0915**
**Washington, DC 20472-3505**

fema-equalrights@fema.dhs.gov

And to:

**Office for Civil Rights and Civil Liberties**

EXHIBIT A

**Department of Homeland Security**
**MS 0191**
**2707 Martin Luther King Jr Ave SE**
**Washington, DC 20528-0191**
**Crcl.eeo@hq.dhs.gov**

In your appeal to EEOC, you must state the date and method (for example, by certified mail or hand delivery) by which a copy of the appeal was sent to the Director, Office of Equal Rights, Federal Emergency Management Agency. You should use the attached EEOC Form 573, Notice of Appeal/Petition, to file your appeal. EEOC will dismiss your appeal if you do not file it within the time limits.

### FILING A CIVIL ACTION

You also have the right to file a civil action in an appropriate United States District Court within 90 days after you receive this final decision if you do not appeal to EEOC, or within 90 days after receipt of EEOC's final decision on appeal. You may also file a civil action after 180 days from the date of filing an appeal with EEOC if there has been no final decision by EEOC.

If your claim is based on age discrimination, the time limits noted above may not be applicable to you, especially if you are filing this civil action after giving EEOC not less than 30 days' notice of your intent to file such an action. Accordingly, you should consult an attorney if you desire further guidance regarding the timeliness of your case.

You must also comply with the following instructions:

(1) You must name Alejandro N. Mayorkas, Secretary, Department of Homeland Security, as the defendant. Failure to provide his name and official title may result in dismissal of your case.

(2) If you decide to file a civil action and if you do not have, or cannot afford, the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action must be filed within 90 days of the date you receive the agency or EEOC final decision.

EXHIBIT A