CADES SCHUTTE
A Limited Liability Law Partnership

AMANDA M. JONES        8854
NICOLE K.C. YAMANE     11495
1000 Bishop Street, Suite 1200
Honolulu, Hawaii 96813
Telephone: (808) 521-9200
Facsimile: (808) 521-9210
Email:   ajones@cades.com
         nyamane@cades.com

Attorneys for Defendants
RISING PHOENIX HOLDINGS CORPORATION,
TIDAL BASIN GROUP, AND TB CUSTOMER
RELATIONS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILFRED L. LEE, JR., <br><br>       Plaintiff, <br><br>   v. <br><br> RISING PHOENIX HOLDINGS CORPORATION; TIDAL BASIN GROUP; TB CUSTOMER RELATIONS, LLC; JOEL REALE; BILL BARCELONA; TRACI THOMPSON; MELISSA BURKE; ANDREW YONCE; LAURA DELOACH; ROXANA TABORA; SANDRA MULLEN; ERICA THORP; ALEXANDRIA SCATKO; CONSTANCE LONG; LORI NICHOLS; AARON STRONG; TIFFANY NILES; ELENA AVETSIUK; JANE DOES #1-5; APPLE ONE, INC. <br><br>       Defendants. | CIVIL NO. 25-00084 SASP-WRP <br><br> **DEFENDANTS RISING PHOENIX HOLDINGS CORPORATION, TIDAL BASIN GROUP, AND TB CUSTOMER RELATIONS, LLC'S RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AGAINST DEFENDANT APPLEONE, INC., FILED ON AUGUST 4, 2025 [DKT. 92]** <br><br> **CERTIFICATE OF SERVICE** <br><br> No Trial Date Set |

**DEFENDANTS RISING PHOENIX HOLDINGS CORPORATION, TIDAL BASIN GROUP, AND TB CUSTOMER RELATIONS, LLC'S OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AGAINST DEFENDANT APPLEONE, INC., FILED ON AUGUST 4, 2025 [DKT. 92]**

Defendants Rising Phoenix Holdings Corporation, Tidal Basin Group, and TB Customer Relations, LLC (the "**Entity Defendants**") object to Plaintiff's Request for Judicial Notice Against Defendant AppleOne, Inc., filed on August 4, 2025 (Dkt. 92) ("**RJN**").

## I.   INTRODUCTION

Although the RJN purports to be sought against AppleOne, Inc. ("**AppleOne**"), Plaintiff uses it to make unsupported and inaccurate assertions that the Entity Defendants conspired with AppleOne. None of the documents Plaintiff attaches support that any "conspiracy" existed. Moreover, there is no basis for judicial notice. Thus, the RJN should be denied.

## II.   ARGUMENT

Federal Rules of Evidence ("**FRE**") Rule 201(b) permits a court to "judicially notice a **fact** that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added). The party requesting judicial notice must supply the court with "necessary information." Fed. R. Evid. 201(c)(2); *see also* 21B Wright & Miller, *Federal Practice and Procedure* §5108 (2d ed.) (explaining

that this rule "places the burden on the proponent to supply the necessary information").

Requests for judicial notice should also be denied where the request pertains to documents that are irrelevant. *See, e.g.*, *Santa Monica Nativity Scenes Comm. v. City of Santa Monica*, 784 F.3d 1286, 1298 n.6 (9th Cir. 2015) ("We therefore deny the City's two requests for judicial notice on the grounds that the documents to be noticed are irrelevant."); *TIW Holdings LLC v. Hotbox Farms LLC*, No. 523CV01957SSSKKX, 2024 WL 1829656, at *2 (C.D. Cal. Jan. 18, 2024) ("A court may deny a request for judicial notice if the request is for irrelevant documents.").

The RJN meets none of the requirements for judicial notice, and thus, should be rejected.

**A.   Exhibits A and B to the RJN are LinkedIn profiles, which are not appropriate subjects for judicial notice, and are not relevant to the claims asserted in this action.**

Exhibits A and B to the RJN purport to be the LinkedIn profile for Defendant Elena Avetsiuk[1] and Ly Tran, respectively. They are not appropriate documents from which to take judicial notice and the contents are not relevant in any event.

---

[1] In his Declaration attached to his RJN, Plaintiff states that "Exhibit A is a publicly available LinkedIn profile for Elena Avetsiuk, confirming her role as Director of Human Resources for Adjusters International, a corporate affiliate of Rising Phoenix Holdings Corporation." RJN Decl. ¶ 3. However, Exhibit A does not say that Adjusters International is a corporate affiliate of Rising Phoenix Holdings Corporation.

2

The contents of LinkedIn profiles are not appropriate for judicial notice because listed employment history is not information "generally known within the trial court's territorial jurisdiction." FRE Rule 201(b); *see also Ibey v. Taco Bell Corp.*, No. 12-CV-0583-H WVG, 2012 WL 2401972, at *1 (S.D. Cal. June 18, 2012) (holding that the plaintiff's LinkedIn page could not be properly subject to judicial notice because "Plaintiff's employment status" was "not generally known within the Court's jurisdiction"). Moreover, courts have recognized that LinkedIn is not a source "whose accuracy cannot reasonably be questioned." FRE Rule 201(b); *Ibey*, 2012 WL 2401972, at *1 ("The Court concludes that Plaintiff's LinkedIn page may not be properly subject to judicial notice because … LinkedIn is not a source whose accuracy cannot be reasonably questioned."); *Tijerina v. Alaska Airlines, Inc.*, No. 22-CV-203 JLS (BGS), 2022 WL 3135913, at *3 (S.D. Cal. Aug. 5, 2022) (denying the plaintiff's request for judicial notice because "LinkedIn is not a source whose accuracy cannot be reasonably questioned"); *TIW Holdings LLC*, 2024 WL 1829656, at *3–4 (denying "TIW's request for judicial notice of the LinkedIn pages").

Ms. Avetsiuk's LinkedIn profile is also irrelevant. The only allegation that Plaintiff makes with respect to her LinkedIn profile is that it "supports the allegation that she was acting" as "the Director of Human Resources for Adjusters International" when she filed "documents for TB Customer Relations, LLC in the

3

Hawaii unemployment case." RJN at 2. The LinkedIn profile does not establish who she was acting for when she submitted the documents to which Plaintiff refers. Even if it did, it would not establish a conspiracy between "Tidal Basin and AppleOne" as Plaintiff has alleged, or any of his other claims. Dkt. 14 (FAC) at ¶ 58.

In the introduction of his RJN, Plaintiff asserts that his "legal theory is that [Rising Phoenix Holdings Corporation] used Elena Avetsiuk, the longtime HR Director for its affiliate Adjusters International, to act as the point of contact for TBCR in official unemployment filings[.]" RJN at 1. Plaintiff does not make this allegation in his FAC (Dkt. 14) or Opposition to AppleOne's Motion to Dismiss his FAC (Dkt. 66). Thus, the RJN is an improper attempt by Plaintiff to put forth a new legal theory after the date on which his opposition was due. Dkt. 65. Even if it were an appropriate time for new theories, whether Ms. Avetsiuk served as a point of contact for unemployment filings does not demonstrate retaliation or a conspiracy.

The only allegation that Plaintiff makes with respect to Ms. Tran's LinkedIn profile is that it "confirms that Ly Tran is an HR Manager for All-in-1, a staffing company affiliated with AppleOne and the ACT•1 Group." RJN at 3. However, the profile does not establish the affiliation that Plaintiff claims, and even if it did, that would not demonstrate either retaliation or a conspiracy with the Entity Defendants. Thus, it is wholly irrelevant.

**B.     Exhibit C to the RJN purports to be an unemployment document, which is not an appropriate subject for judicial notice, and is not relevant to the claims asserted in this action.**

Exhibit C of the RJN appears to be a fax cover sheet and completed State of Hawaii, Unemployment Insurance Division Request for Separation Information form.  The information contained in this form is not information "generally known within the trial court's territorial jurisdiction."  Plaintiff also has not supplied the Court with necessary information to determine that the documents are from a "readily determined" source.  FRE 201(c)(2); *see also* 21B Wright & Miller, *Federal Practice and Procedure* §5108 (2d ed.) (explaining that this rule "places the burden on the proponent to supply the necessary information").

Additionally, unemployment records are confidential.  *See* Haw. Rev. Stat. § 383-95(a). They can be produced to a claimant "to the extent necessary for the proper presentation of the claimant's claim in any proceeding under [Hawaii's Employment Security Law, HRS Chapter 383]." This is not a proceeding under that chapter, and thus, confidential unemployment documents cannot be used for this proceeding.

Exhibit C is also irrelevant.  The RJN argues that this form "**does not disclose** that the complaints were solicited after protected activity and are unsupported by contemporaneous documentation."  RJN at 3 (emphasis added).  Thus, Plaintiff essentially admits that the document does not support the allegations he is making.  The form clearly does not establish that retaliation or any conspiracy occurred.  In

5

fact, the document does not even reference AppleOne. In sum, the document is irrelevant and does not support any of Plaintiff's claims.[2]

    **C.    Plaintiff's RJN Declaration makes improper additional argument.**

In paragraphs 9-12 of the declaration attached to the RJN, Plaintiff makes new and unsupported arguments. These new allegations do not cure the deficiencies articulated in the Entity Defendants' Motion to Dismiss, Dkt. 71. Additionally, the new arguments should not be considered because they are untimely.

**III.    CONCLUSION**

The RJN should be denied. Plaintiff is using this request to make new arguments after the deadline to oppose the Entity Defendants' and AppleOne's motions to dismiss. Moreover, the documents attached are not appropriate subjects of judicial notice and are not relevant to Plaintiff's Section 1981 race retaliation claim or conspiracy claim, contrary to Plaintiff's contentions.

---

[2] Exhibit D of the RJN purports to be an EEOC press release. It does not pertain to the Entity Defendants, and thus, is not addressed herein.

DATED: Honolulu, Hawaiʻi, August 20, 2025.

| | |
|---|---|
| CADES SCHUTTE<br>A Limited Liability Law Partnership | /s/ Amanda M. Jones<br>AMANDA M. JONES<br>NICOLE K. C. YAMANE<br>Attorneys for Defendants<br>RISING PHOENIX HOLDINGS CORPORATION, TIDAL BASIN GROUP, TB CUSTOMER RELATIONS, LLC, JOEL REALE, BILL BARCELONA, TRACI THOMPSON, MELISSA BURKE, ANDREW YONCE, LAURA DELOACH, ROXANA TABORA, SANDRA MULLEN, ERICA THORP, ALEXANDRIA SCATKO, CONSTANCE LONG, LORI NICHOLS, AARON STRONG, TIFFANY NILES, AND ELENA AVETSIUK |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILFRED L. LEE, JR.,<br><br>    Plaintiff,<br><br> v.<br><br>RISING PHOENIX HOLDINGS CORPORATION; TIDAL BASIN GROUP; TB CUSTOMER RELATIONS, LLC; JOEL REALE; BILL BARCELONA; TRACI THOMPSON; MELISSA BURKE; ANDREW YONCE; LAURA DELOACH; ROXANA TABORA; SANDRA MULLEN; ERICA THORP; ALEXANDRIA SCATKO; CONSTANCE LONG; LORI NICHOLS; AARON STRONG; TIFFANY NILES; ELENA AVETSIUK; JANE DOES #1-5; APPLE ONE, INC.<br><br>    Defendants. | CIVIL NO. 25-00084 SASP-WRP<br><br>**CERTIFICATE OF SERVICE** |

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on this date the foregoing document was served electronically through CM/ECF and/or via email on the following as indicated below:

  WILFRED L. LEE, JR.            [Via CM/ECF and Email]
  P.O. Box 394
  Jonesboro, GA  30237
  Email: leewilfred2011@gmail.com

  Plaintiff Pro Se

| | |
|---|---|
| MELISSA H. LAMBERT<br>MATTHEW T. SHIMABUKURO<br>Carlsmith Ball LLP<br>ASB Tower, Suite 2100<br>1001 Bishop Street<br>Honolulu, Hawaii 96813<br>Email: mlambert@carlsmith.com<br>        mshimabukuro@carlsmith.com<br>and | [Via CM/ECF] |
| KENNETH P. ROBERTS<br>STUART E. COHEN<br>K.P. Roberts & Associates, APLC<br>6355 Topanga Canyon Boulevard, Suite 403<br>Woodland Hills, California 91367-2102<br>Email: kroberts@kprlawinc.com<br>        scohen@kprlawinc.com<br>Attorneys for Defendant<br>APPLEONE, INC. | [Via CM/ECF] |

DATED:  Honolulu, Hawai'i, August 20, 2025.

| | |
|---|---|
| CADES SCHUTTE<br>A Limited Liability Law Partnership | /s/ Amanda M. Jones_____<br>AMANDA M. JONES<br>NICOLE K. C. YAMANE<br>Attorneys for Defendants<br>RISING PHOENIX HOLDINGS CORPORATION, TIDAL BASIN GROUP, TB CUSTOMER RELATIONS, LLC, JOEL REALE, BILL BARCELONA, TRACI THOMPSON, MELISSA BURKE, ANDREW YONCE, LAURA DELOACH, ROXANA TABORA, SANDRA MULLEN, ERICA THORP, ALEXANDRIA SCATKO, CONSTANCE LONG, LORI NICHOLS, AARON STRONG, TIFFANY NILES, AND ELENA AVETSIUK |

2